FILED
10/16/2020
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Amanda Mosser
DV-15-2020-0000949-WC
Eddy, Amy
1.00

1  Don C. St. Peter, Esq.
   Michael O'Brien, Esq.
2  Logan Nutzman, Esq.
   ST. PETER LAW OFFICES, P.C.
3  2620 Radio Way
   P.O. Box 17255
4  Missoula, MT 59808
   Telephone: (406) 728-8282
5  Facsimile: (406) 728-8141

6  Attorneys for Plaintiffs

7

8       MONTANA ELEVENTH DISTRICT COURT, FLATHEAD COUNTY

9  TRAVIS BOOSE, individually and on       Cause No. _____
   behalf of similarly situated JOHN
10 DOES 1-500,                             Dept. No. _____

11              Plaintiffs,               **COMPLAINT**

12      v.

13
   FNP, INC., d/b/a FIRST NATIONAL
14 PAWN; F N P of MONTANA, INC.,
   d/b/a FIRST NATIONAL PAWN; FNP
15 of MISSOULA, INC., d/b/a FIRST
   NATIONAL PAWN; FNPS, LLC;
16 FIRST NATIONAL PROPERTIES,
   LLC; and DOES 1-5;
17
                Defendants.
18
        COMES NOW Plaintiffs Travis Boose and John Does 1-500 (collectively
19
   "Plaintiffs") by and through their attorney of record, St. Peter Law Offices, P.C., for
20
   their cause of action against Defendants FNP, Inc. d/b/a First National Pawn; F N
21
   P of Montana, Inc., d/b/a First National Pawn; FNP of Missoula, Inc., d/b/a First
22
   National Pawn; FNPS, LLC; First National Properties, LLC; and Does 1-5
23
   (collectively "First National Pawn"), allege and state as follows:
24
        1.    Travis Boose ("Boose") is a former non-exempt employee of First
25
   National Pawn who is a citizen of the State of Montana and resident of Flathead
26

**EXHIBIT 1**

COMPLAINT                                                    PAGE 1

County. His last day of employment for First National Pawn was on or before March 21, 2020.

2.     Plaintiffs John Does 1-500 are non-exempt employees employed by First National Pawn who were employed by First National Pawn more than 180 days ago.

3.     Upon information and belief, First National Pawn is an integrated entity whose principle business address is 1302 N. 24th St. West #366, Billings, MT 59102.

4.     Upon information and belief, each of the above-identified First National Pawn entities are agents of each other.

5.     Upon information and belief, Defendants Does 1-5 are entities are related businesses, franchises, affiliates, subsidiaries, or entities in which named-Defendants had or have an ownership interest.

6.     Plaintiffs' job duties did not include managing First National Pawn stores, departments, or subdivisions. Plaintiffs did not regularly direct the work of at least two or more other full-time employees. Plaintiffs did not have the authority to hire or fire other employees, nor were their suggestions and recommendations to hire or fire given particular weight.

7.     Plaintiffs' job duties did not include office or non-manual work directly related to the management or general business operations of First National Pawn. Plaintiffs' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

8.     Plaintiffs' job duties did not require advanced knowledge, which was predominantly intellectual character or which required consistent exercise of discretion and judgment. Plaintiffs' job duties did not include work requiring invention, imagination, originality, or talent in a recognized field of artistic or creative endeavors.

9. Plaintiffs' job duties did not include work as a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker in the computer field.

10. Plaintiffs were not customarily or regularly engaged in work away from the place of business First National Pawn directed them to work.

11. Plaintiffs were not paid $107,432.00 or more in annual compensation.

12. Plaintiffs' job duties did not include work as a police officer, fire fighter, paramedic, or other first responder.

13. Plaintiffs entered into "Work Hour Agreements," or other employment agreements, which did not reflect the Plaintiffs actual schedule or rate of pay.

14. Plaintiffs were paid a fixed monthly salary, regardless the number of hours they actually worked. The monthly salary did not vary from one month to the next, unless the Plaintiffs earned an annual raise.

15. Plaintiffs were required to arrive at work prior to their designated start time.

16. Plaintiffs were required to stay late at work after their designated end time on a regular basis.

17. Plaintiffs were occasionally required to work on days in which they were scheduled to be off.

18. Plaintiffs were not paid additional compensation for working prior to, after, or on days beyond their designated start and end times.

19. The sum or value in controversy between Plaintiffs and First National Pawn reasonably does not exceed $5,000,000.00.

## COUNT I

20. Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth in this section.

21. Plaintiffs are non-exempt employees as defined the Fair Labor Standards Act ("FLSA") in force and effect during their times of employment.

22. First National Pawn is obligated to pay non-exempt employees overtime compensation for periods of work in excess of 40 hours in a workweek.

23. First National Pawn did not pay Plaintiffs overtime compensation when they worked in excess of 40 hours in a workweek.

24. Plaintiffs endured injury as a result of First National Pawn's failure to pay overtime compensation for work in excess of 40 hours during a work week.

## COUNT II

25. Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth in this section.

26. A valid contract exists(ed) between Plaintiffs and First National Pawn.

27. Plaintiffs fulfill(ed) their obligations under the contract, namely competently performing their job duties.

28. First National Pawn breaches(ed) its' agreement with Plaintiffs by failing to pay overtime compensation for hours worked in excess of 40 during a workweek.

29. Plaintiffs endured injury as a result of First National Pawn's failure to pay overtime compensation for work in excess of 40 hours during a work week.

## COUNT III

30. Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth in this section.

31. Plaintiffs employment contracts are void as a matter of law.

32. First National Pawn received the benefit of Plaintiffs' work in excess of 40 hours during a workweek without paying overtime compensation.

33. First National Pawn knew about and appreciated the benefit of not paying Plaintiffs overtime compensation for work in excess of 40 hours during a workweek.

34.     First National Pawn accepted the benefit of not paying Plaintiffs overtime compensation for work in excess of 40 hours during a workweek.

## COUNT IV

35.     Plaintiffs  incorporate by reference the foregoing statements and allegations as though fully set forth in this section.

36.     First National Pawn has a duty to non-exempt to pay non-exempt employees overtime compensation for hours worked in excess of 40 during a workweek.

37.     First National Pawn breached its' duty when if failed to pay overtime compensation to Plaintiffs for hours worked in excess of 40 during a workweek.

38.     First National Pawn caused injury to Plaintiffs as a result of First National Pawn's failure to pay overtime compensation for work in excess of 40 hours during a workweek.

## COUNT V

39.     Plaintiffs  incorporate by reference the foregoing statements and allegations as though fully set forth in this section.

40.     First National Pawn violated Mont. Code Ann. §§ 39-3-101, *et. seq.* by failing to pay overtime compensation to Plaintiffs for work in excess of 40 hours during a workweek.

41.     Mont. Code Ann. §§ 39-3-101, *et. seq.* was enacted to protect non-exempt employees.

42.     Plaintiffs are non-exempt employees.

43.     First National Pawn's failure to pay overtime compensation for work in excess of 40 hours during a workweek is the type of injury Mont. Code Ann. §§ 39-3-101, *et. seq.* is intended to prevent.

44.     Mont. Code Ann. §§ 39-3-101, *et. seq.* was intended to regulate employers like First National Pawn.

//

WHEREFORE, Plaintiffs pray as follows:

1. For special and general damages to be determined at trial;

2. For pre-judgment interest as allowed by law;

3. For assessment of penalties in accordance with Mont. Code Ann. § 39-3-206;

4. For court costs and attorney's fees as allowed by Mont. Code Ann. § 39-3-214;

5. For such other and further relief as this Court may deem just.

DATED this 16th day of October, 2020.

ST. PETER LAW OFFICES, P.C.

By: _____
    Michael O'Brien

**VERIFICATION**

STATE OF MONTANA )
                 ) ss.
County of Missoula )

Travis Boose being first duly sworn upon his oath, deposes and says:

I am the named Plaintiff in the above case matter. I have read the foregoing *Complaint* and know the contents thereof. The same are true of my own knowledge, except as to matters which may have been stated on information and belief, and concerning those matters, I believe them to be true.

_____
Travis Boose

SUBSCRIBED AND SWORN to before me this _15_ day of ~~September,~~ *OCTOBER* 2020.

_____
Notary Public for the State of Montana

CHRIS VIDULICH
NOTARY PUBLIC for the
State of Montana
Residing at Kalispell, MT
My Commission Expires
July 10, 2022

CHRIS VIDULICH
NOTARY
SEAL
STATE OF MONTANA

---

COMPLAINT                                                           PAGE 7