IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TRAVIS BOOSE, individually and on behalf of similarly situated JOHN DOES 1-500,<br><br>Plaintiffs,<br><br>vs.<br><br>FNP, INC., d/b/a FIRST NATIONAL PAWN; FNP OF MONTANA, INC., d/b/a FIRST NATIONAL PAWN; FNP of MISSOULA, INC., d/b/a FIRST NATIONAL PAWN; FNPS, LLC; FIRST NATIONAL PROPERTIES, LLC, and DOES 1-5<br><br>Defendants. | CV 20-164-M-DLC-KLD<br><br>FINDINGS & RECOMMENDATION |

This matter comes before the Court on Defendants FNP, Inc., d/b/a First National Pawn; FNP of Montana, Inc., d/b/a First National Pawn; FNP of Missoula, Inc., d/b/a First National Pawn; FNPS, LLC.; and First National Properties, LLC's (collectively "First National Pawn") motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, First National Pawn's motion should be granted, with leave for Plaintiff Travis Boose to file an amended

1

complaint.

I. **Background**

Boose, on behalf of himself and others similarly situated, brings this action against his former employer, First National Pawn, for failure to pay overtime wages in violation of state and federal law. Boose filed his Complaint in the Montana Eleventh Judicial District Court, and First National Pawn removed the case to this Court in November 2020 based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 1441. (Doc. 1).

Boose alleges Plaintiffs are non-exempt employees who "entered into 'Work Hour Agreements' or other employment agreements that did not reflect the Plaintiffs actual schedule or rate of pay," and that "Plaintiffs were paid a fixed monthly salary regardless of the number of hours they actually worked." (Doc. 6 at ¶¶ 2, 13, 14). Boose further alleges "Plaintiffs were required to arrive at work prior to their designated start time, … were required to stay late at work after their designed end time on a regular basis," and "were occasionally required to work on days in which they were scheduled to be off." (Doc. 6 at ¶¶ 15-17). Boose claims "Plaintiffs were not paid additional compensation for working prior to, after, or on days beyond their designated start and end times." (Doc. 6 at ¶ 18).

The Complaint contains five claims for relief. Count I alleges First National Pawn failed to pay overtime wages in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq*. Count II alleges First National Pawn breached its employment agreement with Plaintiffs by failing to pay overtime compensation. Count III alleges First National Pawn received the benefit of not paying Plaintiffs overtime compensation, and that Plaintiffs' employment contracts are thus void as a matter of law. Count IV alleges First National Pawn had a duty to pay non-exempt employees overtime compensation, and breached that duty when it failed to pay overtime compensation to Plaintiffs. Finally, Count V alleges First National Pawn violated the Montana Wage Protection Act ("MWPA"), Mont. Code Ann. § 39-3-101 et seq., by failing to pay overtime compensation. (Doc. 6 at 3-5).

First National Pawn moves under Rule 12(b)(6) to dismiss the Complaint on the ground that Boose fails to adequately plead the FLSA claim set forth in Count I. First National Pawn's motion to dismiss does not address address Boose's MWPA claim or his state common law claims for breach of contract, unjust enrichment, and negligence as set forth in Counts II-V of the Complaint.

## II. <u>Legal Standard</u>

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v.*

*Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). When reviewing a Rule 12(b)(6) motion to dismiss, the court is to accept all factual allegations in the complaint as true and construe the pleading in the light most favorable to the nonmoving party. *Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

The court's review under Rule 12(b)(6) is informed by the provision of Fed. R. Civ. P. 8(a)(2) which requires that "a pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action...'" *Ashcroft*, 129 S.Ct. at 1249 (quoting *Twombly*, 550 U.S. at 555).

To withstand a motion to dismiss under Rule 12(b)(6), "the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974). This means that the plaintiff must plead "factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

When granting a motion to dismiss "for failure to state claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other fact.' " *Lopez v. Smith*, 2013 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III. Discussion

First National Pawn moves to dismiss the Complaint in its entirety based on Boose's failure to state a claim for relief under the FLSA, which is the sole basis for federal question subject matter jurisdiction.

First National Pawn argues Boose fails to allege sufficient facts to state a FLSA claim for overtime wages under the pleading standard set forth by the Ninth Circuit in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014). In *Landers*, the Ninth Circuit addressed the degree of specificity required under *Twombly* and *Iqbal* to state a claim for failure to pay minimum wages or overtime wages under the FLSA. *Landers*, 771 F.3d at 640. The court explained that while

5

"detailed factual allegations regarding the number of overtime hours are not required to state a plausible claim" for relief, "conclusory allegations that merely recite the statutory language" are insufficient. *Landers*, 771 F.3d at 644. *Landers* made clear "that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers*, 771 F.3d at 644. By way of example, the court explained that "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Landers*, 771 F.3d at 645.

That said, the court expressly declined to require a plaintiff alleging failure to pay overtime wages to approximate the number of hours worked because "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *Landers*, 771 F.3d at 645. At a minimum, however, "a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Landers*, 771 F.3d at 645.

Applying the *Landers* standard here, First National Pawn argues Boose has

6

not alleged sufficient facts to state a plausible claim for unpaid overtime under the FLSA. In particular, First National Pawn maintains Boose has not identified "a specific workweek during which he or any other individual allegedly worked in excess of forty hours" and was not paid for the excess hours. (Doc. 3 at 4).

Several district courts within the Ninth Circuit have addressed the degree of specificity required to adequately plead an FLSA overtime claim under *Landers*.[1] In doing so, some courts have seemingly interpreted *Landers* to mean that a plaintiff must identify a specific instance or calendar workweek during which he or some similarly situated individual allegedly worked overtime for which he was not compensated. See *Castillo,* 2018 WL 1382597 at *3 (W.D. Wash. March 19, 2018) (recognizing that some courts have required plaintiffs to identify a specific calendar week and citing *Soratorio v. Testoro Refining & Marketing Co, LLC*, 2017 WL 1520416 at *5 (C.D. Cal. Apr. 26, 2017)); *Shann v. Durham School Services, L.P.*, 182 F.Supp.3d 1044, 1047 (C.D. Cal. 2016) (applying *Landers* and finding plaintiffs failed to state an overtime claim under the FLSA where they failed to allege "a single workweek where they worked in excess of forty hours and were not paid for the excess of hours in that workweek.").

---

[1] As some of the cases cited below reflect, district courts in California have also applied and interpreted the *Landers* pleading standard when considering overtime claims under California's wage and labor laws. These decisions are both persuasive and helpful for purposes of assessing the specificity required under *Landers* to state an overtime claim under the FLSA.

Other courts, however, have held that *Landers* does not require a plaintiff to identify a specific calendar week or particular instance of denied overtime, but rather to allege facts that give rise to a plausible inference that there was at least one such workweek or particular instance. See e.g. *Reyna v. WestRock Company*, 2020 WL 5074390 at *8 (N.D. Cal. Aug. 24, 2020) (discussing and applying *Landers* standard to overtime claims under California law); *Perez v. Island Hospitality Management III, LLC*, 2019 WL 3064113 at *3, 5 (C.D. Cal. Feb. 8, 2019) (same); *Tan v. GrubHub, Inc.*, 171 F.Supp.3d. 998, 1007-08 (N.D. Cal. 2016) (recognizing when considering state law overtime claims that "*Landers* does not require the plaintiff to identify an exact calendar week or particular instance of denied overtime; instead, the allegations need only to give rise to a plausible inference that there was such an instance").

In *Perez*, the court applied *Landers* to claims under California's minimum wage and overtime laws. *Perez,* 2019 WL 3064113 at *5. In doing so, the court considered the meaning of "*Landers*' statement that plaintiffs alleging overtime violations must allege that they 'worked more than forty hours in *a given workweek* without being compensated' at overtime rates." *Perez*, 2019 WL 3064113 at *5 (quoting *Landers*, 771 F.3d at 645 and adding emphasis). The court rejected the argument that *Landers* thus required a plaintiff to identify a specific calendar week, determining instead that the "sentence, read in proper context, does

not require [a plaintiff] at the pleading stage, to summon from memory alone the number of overtime hours he worked in a particular calendar week." *Perez*, 2019 WL 3064113 at *5.

A number of district courts, including the *Perez* court, have looked to the Ninth Circuit's memorandum opinion in *Boon v. Canon Bus. Sols. Inc.*, 592 F. App'x 631 (9th Cir. 2015) (unpublished) for guidance in applying the *Landers* standard. *Boon* explained that under *Landers*, "plaintiffs in these types of cases must allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Boon*, 592 F. App'x at 632. Because the plaintiff "identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week," the court found that found plaintiff's allegations satisfied the pleading requirements of *Landers*. *Boon*, 592 F. App'x at 632.

Accordingly, to the extent First National Pawn takes the position that *Landers* requires Boose to allege a specific calendar week during which he and others were not paid overtime, the Court is not persuaded. See *Berger v. DIRECTV, Inc.*, 2015 WL 1799996 at *6 (D. Or. Apr. 16, 2015) (relying on *Boon* and rejecting argument that under Landers, the plaintiff could not state a plausible FLSA overtime claim without identifying a "date-specific workweek during which they worked in excess of 40 hours."). That said, while Boose "need not identify a

9

calendar week or particular instance where [he] was denied overtime wages, [he] must *plead facts* giving rise to a plausible inference that such an instance actually occurred." *Reyna*, 2020 WL 5074390 at *8 (emphasis in original).

Standing alone, general allegations "that certain plaintiffs 'regularly' or 'regularly and consistently' worked more than 40 hours per week" fall short of the *Twombly/Iqbal* standard and are insufficient to state a FLSA claim under *Landers*. *Perez v. Wells Fargo & Co.*, 75 F.Supp.3d 1184, 1191 (N.D. Cal. 2014). See also *Andreatta v. Eldorado Resorts Corp.*, 214 F.Supp.3d 943, 959 (D. Nev. 2016) (finding allegations that the defendant failed to pay overtime "despite the fact that he consistently worked over 40 hours per week, . . . infrequently paid his overtime," and failed to properly compensate him "for work performed in excess of forty hours in a workweek" did not satisfy *Landers* and was not enough to state an overtime claim under the FLSA); *Bravo v. On Delivery Services, LLC*, 2018 WL 2387835 at *2 (N.D. Cal. May 25, 2018) (finding that "invocation of a term such as 'regularly,' 'typically,' and 'frequently' is not enough *by itself* to establish the plausibility of a claim" under *Landers*) (emphasis in original).

Relevant here, Boose alleges in his Complaint that Plaintiffs (1) "entered into Work Hour Agreements' or other employment agreements that did not reflect [their] actual schedule or rate of pay;" (2) "were paid a fixed monthly salary regardless of the number of hours they actually worked;" (3) "were required to

10

arrive at work prior to their designated start time;" (4) "were required to stay late at work after their designed end time on a regular basis;" (5) "were occasionally required to work on days in which they were scheduled to be off"; and (6) "were not paid additional compensation for working prior to, after, or on days beyond their designated start and end times." (Doc. 6 at ¶¶ 13-18).

First National Pawn argues these allegations are too conclusory and lacking in factual specificity to satisfy *Landers*. In response, Boose argues briefly that his Complaint contains sufficient factual content to allow the Court to draw the reasonable inference that First National Pawn is liable for unpaid overtime wages, but he does not specifically discuss the *Landers* standard or elaborate on its application. Instead, Boose asks that if the Court is inclined to dismiss his Complaint, he be allowed to file an Amended Complaint. (Doc. 9 at 4). Boose has submitted a proposed Amended Complaint, which is mostly identical to the original Complaint but also alleges that: (1) "[u]pon information and belief, Defendants are engage[d] in interstate commerce and obligated to pay non-exempt employees overtime compensation for hours worked in excess of 40 hours during a workweek;" (2) "Plaintiffs were typically scheduled to work 40 hours per workweek;" and (3) "Plaintiffs regularly worked more than 40 hours during a workweek." (Doc. 9-1 at ¶¶ 6, 15, 21).

In reply, First National Pawn argues that just like the original Complaint, the

proposed Amended Complaint is also insufficient because it does not provide any factual details about "the length and frequency of [the plaintiff's] unpaid work to support a reasonable inference" that Boose or any other similarly situated individual worked more than forty hours in any given week, as required to satisfy *Landers*. *Landers*, 771 F.3d at 646.

The Court agrees with First National Pawn that the Complaint and proposed Amended Complaint[2] do not contain "sufficient detail about the length and frequency of [the plaintiffs] unpaid work" to support a reasonable inference that they worked more than forty hours in a given week. *Landers*, 771 F.3d at 646. For example, Boose does not provide any factual details regarding a specific plaintiff's scheduling, or the type of work involved. See e.g. *Kries v. City of San Diego,* 2018 WL 3455996 at *3-4 (S.D. Cal. July 18, 2018) (finding allegations that one plaintiff worked more than 40 hours per week in 140 work weeks without receiving overtime and another plaintiff worked more than 40 hours per week in 75 work weeks without receiving overtime were sufficient to state a FLSA claim under *Landers*); *Castillo*, 2018 WL 1382597 at *4-5 (to state a FLSA claim plaintiffs must provide factual allegations that give rise to a plausible inference that there was a particular workweek for which they were not paid properly, such as

---

[2] The Court recognizes that the proposed Amended Complaint has not been filed and is not the operative pleading, but nevertheless addresses its sufficiency as a matter of judicial efficiency.

including factual details regarding a specific plaintiff's scheduling). Nor does Boose identify any specific tasks for which he or others were allegedly not paid. See *Boon*, 592 F.App'x at 632 (holding *Landers*' pleading standard satisfied where plaintiff "identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week").

Absent such factual detail, Boose's broad allegations that he and others were required to arrive early and stay late on a regular basis and were occasionally required to work on days in which they were scheduled to be off, fail to satisfy the standard set forth in *Landers.* Accordingly, Boose's FLSA claim for unpaid overtime as set forth in Count I of the Complaint should be dismissed for failure to state a claim for relief.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be freely given when justice so required. Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is "within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.,* 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Boose has not previously been allowed to amend his complaint, and the Court finds no evidence of undue delay or bad faith. The Court further finds that because this case is in its preliminary stages, granting Boose leave to amend will not result in prejudice to First National Pawn. Accordingly, Boose should be given leave to file an Amended Complaint to cure the pleading deficiencies identified above.

## V. Conclusion

For the reasons discussed,

IT IS RECOMMENDED that First National Pawn's motion to dismiss be granted as to Count I of the Complaint, with leave for Boose to file an Amended Complaint. Boose is cautioned that if his Amended Complaint fails to state a claim for relief under the FLSA, the Court may decline to exercise supplemental jurisdiction over the state law claims set forth in Counts II-IV and remand those claims to state court. If presiding United States District Judge Dana L. Christensen adopt this Findings and Recommendation, Boose should be given ten days from the date of the Judge Christensen's order within which to file an Amended Complaint.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to

the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 1st day of February , 2021

_____
Kathleen L. DeSoto
United States Magistrate Judge